14-2032-cr
United States v. Cote

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand fifteen.

Present:      GUIDO CALABRESI,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

            v.                                      14-2032-cr

JOHN COTE,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:    PETER GOLDBERGER (Pamela A. Wilk, *on the brief*), Ardmore, PA.

Appearing for Appellee:     ALEXANDER P. ROBBINS, Attorney, Tax Division, Department of Justice (Caroline D. Ciraolo, Acting Assistant Attorney General; Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Section; Gregory Victor Davis, Attorney, Tax Division, Department of Justice; Deirdre M. Daly, United States Attorney for the District of Connecticut, *on the brief*), Washington, DC.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant John Cote appeals from the May 29, 2014 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), convicting him, after jury trial, of one count of conspiracy to commit tax evasion, in violation of 18 U.S.C. § 371, and four counts of tax evasion, in violation of 26 U.S.C. § 7201. Cote was principally sentenced to 46 months' incarceration and ordered to pay $222,690.57 in restitution. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cote argues that the district court committed reversible error in failing to offer sua sponte a limiting instruction with respect to evidence entered by the government and in its instructions to the jury on the overt act requirement for the conspiracy count. Neither contention has merit.

We review a district court's failure to give an unrequested limiting instruction for plain error, *United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir. 1995), and will reverse only if the error "is egregious and obvious and if reversal is necessary to redress a miscarriage of justice," *United States v. Tracy*, 12 F.3d 1186, 1195 (2d Cir. 1993) (internal quotation marks omitted). Here, Cote contends that the district court should have restricted the jury's consideration of a February 2009 IRS booklet, "The Truth About Frivolous Tax Arguments," to the tax evasion counts arising from conduct occurring after the date of the document's publication. However, this exhibit was relevant to Cote's earlier acts. *See United States v. Bok*, 156 F.3d 157, 165–66 (2d Cir. 1998) ("The jury may consider evidence of intent to evade taxes in one year as evidence of intent to evade payment in prior or subsequent years." (quoting *United States v. Ebner*, 782 F.2d 1120, 1126 n.7 (2d Cir. 1986))). In these circumstances, the district court did not commit error, let alone plain error, in failing to offer sua sponte the limiting instruction Cote requests for the first time on appeal.

As Cote acknowledges, binding Second Circuit precedent forecloses his argument that the jury be instructed to find unanimously a specific overt act in order to return a conviction on the Section 371 conspiracy offense. In *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011), we held that "although proof of at least one overt act is necessary to prove an element of [conspiracy], which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself [an] element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy" *id*. at 132. We are bound by prior decisions of this Court unless overruled by an en banc panel or the Supreme Court. *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004).

Challenging his sentence on several fronts, Cote argues that the district court: (1) erred in determining the total "tax loss" amount for purposes of calculating his Guidelines sentencing range; (2) miscalculated the restitution amount; and (3) violated the Sixth Amendment by relying on facts not found by the jury in imposing restitution. We reject all of Cote's contentions.

A district court's sentence is reviewed for both procedural and substantive reasonableness, a "standard . . . akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). A procedural error occurs where a district court, inter alia, "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). We apply plain error review to sentencing challenges where the defendant fails to object to his sentence on such ground before the district court. *See United States v. Thomas*, 274 F.3d 655, 666 (2d Cir. 2001).

Cote argues that the district court miscalculated the total "tax loss" amount by including (a) tax amounts that neither the court nor the jury found had resulted from criminal conduct and (b) penalties and interest. As an initial matter, it is clear that the district court made the appropriate factual findings by adopting, as modified, the findings of fact in the presentence report in open court. *See United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004) ("A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report."). Cote raises a substantial question as to whether the district court erred in considering interest and penalties when calculating the "tax loss" amount resulting from his conviction for tax evasion conspiracy under 18 U.S.C. § 371, where the relevant commentary provides that "[t]he tax loss does not include interest or penalties, except in willful evasion of payment cases under 26 U.S.C. 7201 and willful failure to pay cases under 26 U.S.C. 7203." U.S.S.G. § 2T1.1, Application Note 1. However, because the district court unambiguously stated that it would have imposed the same sentence were Cote to prevail on his interpretation of the Guidelines, any error in calculating the Guidelines sentencing range was harmless. *See United States v. Feldman*, 647 F.3d 450, 459 (2d Cir. 2011).

Next, we turn to the restitution order. The district court's imposition of restitution under the Mandatory Victim Restitution Act ("MVRA") is also reviewed for abuse of discretion, but where the defendant fails to object at the time of sentencing, we review for plain error. *See United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012).

On appeal, Cote primarily contends that the district court erred in including interest and penalties in setting the restitution amount. The Internal Revenue Code "expressly defines 'tax' to include penalties and interest." *Carroll v. United States*, 339 F.3d 61, 76 (2d Cir. 2003); 26 U.S.C. §§ 6665(a)(2), 6601(e)(1). Thus, in determining the loss caused to the government by the conspiracy to avoid the payment of Cote's outstanding tax liability, the district court properly considered these figures. *See* 18 U.S.C. § 3663A(b)(1)(B)(i) (defining the measure of "loss" for restitution purposes as "the value of the property" taken from the victim).

Finally, Cote submits that the district court committed plain error by imposing a restitution amount not determined by the jury, in violation of the Sixth Amendment. However, we recently concluded in *United States v. Bengis*, 783 F.3d 407 (2d Cir. 2015), "that judicial factfinding to determine the appropriate amount of restitution under a statute that does not prescribe a maximum does not implicate a defendant's Sixth Amendment rights," id. at 413.

3

We have considered the remainder of Cote's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk